ARMSTRONG, Judge.
Plaintiff, Beulah Piper (“Piper”) filed this action for damages for injuries she sustained in an automobile accident. The trial court awarded plaintiff damages of $35,000 for future surgery and future pain and suffering. Defendants, Mark Gahagon (“Gahagon”) and State Farm Mutual Automobile Insurance Company (“State Farm”) appeal claiming that no evidence was submitted to support an award for future surgery and its related pain and suffering. For the reasons that follow, we amend the damage award, and as amended we affirm the trial court’s judgment.
The record reflects that on July 7, 1989, while Piper was driving her car down the right hand lane of South Jefferson Davis Parkway, a van driven by Gahagon crossed from the left hand lane into the right lane striking Piper’s vehicle. Piper filed suit against Gahagon, Ronald Schwehm, the owner of the van, and Schwehm’s insurer, State Farm.[1]
After a bench trial, the trial court entered judgment in favor of Piper and against Gahagon and State Farm in the amount of $36,500. In its reasons for judgment, the trial court stated:
Plaintiff’s treatment for her disc complaints, which by diagnostic testing on November 3, 1989, confirmed herniation of the disc at C6-7 level with the probability of future surgery, necessitates compensation and recovery for her future pain and suffering and disability as well as future medical expenses including surgery and rehabilitation.
The court will award damages as aforesaid of $1,500.00 for the plaintiff’s strain, $15,000.00 for plaintiff’s future medical, surgical expenses and rehabilitation taking into consideration that traditional surgery to remove a herniated disc requires surgical intervention, general anesthesia, a few days in the hospital and six to twelve weeks of recovery before a return to normal activity, and $20,000.00 in general damages for the pain, suffering and disability she is to endure as a result of the future medical treatment, discounted by the court in view of the confirmed disc injury at the C6-7 level, which is not attributable to the accident but aggravated by the accident of July 7, 1989.
On appeal, Gahagon and State Farm argue that the trial court erred in awarding Piper $15,000 for future medical expenses and $20,000 in general damages for future pain and suffering because the court had no evidence showing Piper requires future surgery or any future medical treatment. Gahagon and State Farm contend that Piper’s treating physician, Dr. Edmund C. Landry, recommended against surgery and reported that he believed her cervical and lumbar strains resulting from the July 7, 1989 accident were resolved promptly and that any of her complaints after September 1, 1989 were related to preexisting conditions. We agree.
Dr. Landry’s deposition testimony and medical reports indicate that Piper was involved in an earlier automobile accident in May of 1984, resulting in a C6-7 disc herniation and complaints of chronic neck, back and foot pain. Landry testified that since the 1984 accident, Piper received from him ongoing treatment for her subjective complaints. Dr. Landry testified that because of her neck, back and foot pain, she frequently required sick leave from work. He stated that in May, 1989 Piper further injured her foot in a fall at the Gregory School. Consequently, she was on sick leave for her foot pain when the July 7, 1989 accident occurred.
Dr. Landry, a Board certified orthopedic surgeon, further testified in his deposition that in his opinion the July 7, 1989 accident in the instant case aggravated Piper’s *441 chronic neck and back problems. When he examined her on July 10th, he found her in more discomfort than usual, but he did not note any difference in the nature of her pain. He also testified that the increase in symptoms from the July 7, 1989 accident lasted until September 1, 1989. He testified that, at that time, he released her to return to work.[2] This deposition testimony was corroborated by Dr. Landry’s June 21, 1990 letter to Piper regarding her insurance, wherein he wrote as follows:
Enclosed is the insurance form you requested. I believe the diagnosis for the injuries you sustained in the motor vehicle accident of July 7, 1989 is cervical lumbar strains. I also believe that these injuries resolved promptly as you were able to return to work on September 5, 1989. Any other visits before July 10, 1989 or after September 1, 1989 I believe to have been related to pre-existing conditions.
Moreover, when asked during the August 21, 1990 deposition whether surgery has ever been recommended for Piper’s neck, Dr. Landry responded as follows:
Not by me. I told her that conceivably it could become a necessity in the future. The disc herniation she has is fairly large in size and could conceivably result in nerve problems, but at the present time, there are none, so surgery is not recommended.
Further, Dr. Landry’s report of November 16, 1989 to the School Board’s compensation carrier, which is the only other evidence in the record addressing Piper’s need for future surgery, contains the following passage:
The patient has been informed of the results of her testing and the significance of that. I do not feel that there is need for surgical intervention at the present time. Conceivably the cervical disc herniation could require surgical treatment int he [sic] future should it produce evidence of neurologic impairment. I recommend continued conservative treatment. The patient is given prescriptions for Darvocet N 100 and Ansaid lOOmg. which she will take when needed for pain. I recommend continued physical therapy as this has been her main form of symptomatic relief. I believe the results of the above mentioned studies reenforce the patient’s previously described activity restrictions. I would be happy to discuss this further should it be necessary, (emphasis added)
Patently, this evidence shows the trial court was clearly wrong to conclude that but for the July 7, 1989 accident, Piper would not require surgical intervention. Rather, the evidence establishes that the aggravating injuries caused by the July 7, 1989 accident ceased by September 1, 1989. The evidence refutes the trial court’s conclusion that Piper’s injuries even require future surgery, i.e., “Dr. Edmund C. Landry opined in his report of July 10, 1989 that the plaintiff’s involvement in a motor vehicle accident on July 7, 1989 aggravated her chronic neck and lower back complaints and that as late as November 16, 1989 tests revealed the need for surgical intervention at the present time.” (emphasis added). To the contrary, the evidence reveals that, although it is in the realm of possibilities, at present, surgery is not needed or recommended. Thus, the court manifestly erred by awarding Piper future medical, surgical expenses and rehabilitation and “general damages for the pain, suffering and disability she is to endure as a result of the future medical treatment.” Mintz v. Jefferson Ins. Co. of New York, 537 So.2d 1241 (La.App. 4th Cir.1989) [the manifest error standard of appellate review applies even when the evidence before the trier of fact consists solely of written reports, records and depositions]; Bruno v. Security General Life Ins. Co., 522 So.2d 1242 (La.App. 4th Cir.1988).
This is not a ease where there are two permissible views of the evidence. Rather, this is a case where there is absolutely no basis for the trial court’s award of damages for future surgical expenses and of general damages for related future pain *442 and suffering. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983); Crowther v. KMart Corp., 568 So.2d 669 (La.App. 4th Cir.1990) [future medical expenses must be established with some degree of certainty and a plaintiff must show that the expenses more probably than not will be incurred], writ den., 571 So.2d 656 (La.1990); Bernard v. Royal Ins. Co., 586 So.2d 607 (La.App. 4th Cir.1991), writ den., 589 So.2d 1058 (La.1991). Accordingly, Piper’s award is amended to vacate those damages.
The record also reflects that the trial court manifestly erred in evaluating the quantum of Piper’s award for strain. The evidence reveals that the lowest award which was reasonably within the trial court’s discretion is an award in the amount of $3,500. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Thus, Piper’s damage award is also amended to raise the quantum for strain from $1,500 to $3,500.
For the foregoing reasons, the trial court’s judgment finding defendants liable is affirmed, but the judgment is amended to vacate the damages awarded for future surgical expenses and for future pain, and is amended to increase the quantum of the award for strain from $1,500 to $3,500. The parties are to bear their own appellate costs.
AMENDED AND, AS AMENDED, AFFIRMED.

. Piper dismissed Schwehm from this action.

. After returning to work, Piper reinjured her back on October 19, 1989, when she reached for something while sitting on a stool. Subsequently, she was injured in a third motor vehicle accident on October 20, 1990, while she was a guest-passenger in a vehicle driven by her daughter when it was struck broad side by another vehicle.